BRYAN SCHRODER
United States Attorney

JAMES KLUGMAN
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: james.klugman@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>DERNEVAL RODNELL DIMMER,<br><br>    Defendant. | No. 3:12-cr-00035-TMB |

**RESPONSE IN OPPOSITION TO "MOTION AND MEMORANDUM FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582(C)(1)(A)"**

    Derneval Dimmer is a federal prisoner who recently contracted COVID-19. He asks the court to grant him an early release after serving less than half of the sentence originally imposed. Because Dimmer's motion does not demonstrate extraordinary and compelling circumstances that would justify this request, and because he has not demonstrated that he can be released without unduly endangering the public, his latest attempt to shorten his sentence should be denied.

# FACTS

In 2013, Derneval Dimmer received two concurrent sentences of 228 months for his role in two different cocaine trafficking conspiracies.[1] ECF No. 268 at 1. In the intervening 8 years he has used a number of vehicles to unsuccessfully challenge this sentence. *Id*. at 1-2 (recounting history of post-conviction litigation). He filed a compassionate release request with the warden of his institution, which was denied. The current motion followed.

# ARGUMENT

### 1. Dimmer has not demonstrated extraordinary and compelling circumstances

District courts generally have no discretion to modify a sentence after it has been imposed unless Congress has expressly authorized them to do so. 18 U.S.C. § 3582(c). As relevant here, the compassionate release statute currently authorizes a reduction in the presence of "extraordinary and compelling reasons", as defined in the "applicable policy statements issued by the Sentencing Commission". 18 U.S.C. § 3582(c)(1)(A)(i).[2]

The applicable policy statement here is §1B1.13. For inmates who, like Dimmer, are under 70, the statement and the accompanying application notes set out the reasons that do in fact qualify as "extraordinary and compelling" and also direct courts to release only those defendants who are "not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)". U.S.S.G. §1B1.13(2).

---

[1] Dimmer does not appear to have actually filed a motion for release in his other case, 3:12-cr-00056-TMB, and of course releasing him only in this case would still leave him to serve the other sentence. But it is clear from his motion that he intended to seek that relief, so in the interests of efficiency the government will address the full scope of Dimmer's request.

[2] The government concedes that Dimmer has satisfied the procedural requirements to bring his request before the court.

U.S. v. Dimmer
3:12-cr-00035-TMB                    Page 2 of 7
Case 3:12-cr-00035-TMB   Document 280   Filed 01/29/21   Page 2 of 7

One extraordinary and compelling reason identified by the Sentencing Commission is the fact that a defendant is "suffering from a serious physical or medical condition … that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. §1B1.13, application note (1)(A)(ii)(I). Defendants who suffer from chronic conditions that place them into high-risk COVID-19 categories would thus likely be eligible for release (if, of course, they also could establish that they would not pose an unacceptable danger to the public).

The problem is that Dimmer has not provided much basis to think that he has an adverse medical condition placing him in a high-risk COVID-19 category. In his motion, he claims that he is eligible due to his age, obesity, and possible history of hypertension.[3] ECF No. 278 at 5 and 7.

As of this filing, Dimmer is 43 years old. There is no reason to think that this age puts him at an elevated risk from COVID or otherwise constitutes a basis for compassionate release.

It is true that the CDC has identified obesity (i.e. a Body Mass Index of 30 or above) as a factor that creates an "increased risk for severe illness from COVID-19". See Centers for Disease Control and Prevention, *COVID-19: People With Certain Medical Conditions*, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-

---

[3] Dimmer also suggests that he qualifies for release under the "the catchall 'other reasons' category." ECF No. 278 at 5. But his motion does not offer an explanation of additional factors beyond age and medical history that would separately constitute extraordinary and compelling circumstances.

U.S. v. Dimmer
3:12-cr-00035-TMB          Page 3 of 7
Case 3:12-cr-00035-TMB   Document 280   Filed 01/29/21   Page 3 of 7

with-medical-conditions.html. In his motion, Dimmer claims to be six feet tall. ECF No. 178 at 2. A BMI of 30 would mean a weight of 221 pounds. Dimmer's motion claims that he weighs slightly more than this, at 226.7 pounds. But Dimmer fails to mention that this weight was recorded during a medical visit in August 2020, more than five and a half months ago.[4] In light of how close Dimmer was to the 30 BMI threshold, this is an inadequate basis to conclude that he is obese *now*.

Dimmer also claims to have a history of hypertension. The CDC has acknowledged that people with hypertension "*might be at an increased risk* for severe illness from the virus that causes COVID-19". *COVID-19: People With Certain Medical Conditions*. But the evidence of Dimmer's hypertension is equivocal at best. His medical records show that he had elevated blood pressure at an appointment in August 2020, where he was given a new blood pressure medication because he was not taking his prior prescription: they also show that Dimmer himself denied that his hypertension was uncontrolled. There is no indication that Dimmer has faced any issues since that visit.

Finally, Dimmer has already contracted COVID-19. Releasing Dimmer while he is still contagious would obviously endanger the community, as well as anyone responsible for his transport, while releasing him after he has recovered will render his request largely moot. Accord *United States v. Russo*, 2020 WL 1862294 at *8 (S.D.N.Y. Apr. 14, 2020) ("As the circumstances are now, releasing Mr. Russo from the MCC will not provide him with the protection sought by his motion: relief from the risk of contracting COVID-19.")

---

[4] Dimmer's institutional medical records will be filed separately under seal.

U.S. v. Dimmer
3:12-cr-00035-TMB       Page 4 of 7
Case 3:12-cr-00035-TMB   Document 280   Filed 01/29/21   Page 4 of 7

The speculative possibility that Dimmer might conceivably be reinfected in the future is simply insufficient to justify his early release.

### 2. Dimmer has not shown that he can be released safely

Moreover, Dimmer still must show that he will not endanger the public if released, and he has not done so.

Dimmer became a convicted felon at the age of 20 by committing an aggravated battery. His criminal history that spans 10 pages of the presentence report. And he has repeatedly violated the terms of his probation and parole—indeed, he was on probation at the time he committed these offenses. This lengthy record raises serious doubts about Dimmer's likelihood of complying with the law and his conditions of supervision if he is released.

Unsurprisingly, this criminal history placed Dimmer in Criminal History Category VI. Such offenders are highly likely to return to criminal behavior after release from custody: an empirical study found a recidivism rate of 85.7%. See U.S. Sentencing Comm'n, *The Past Predicts the Future: Criminal History and Recidivism of Federal Offenders* at 7 (2017), available at https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2017/20170309_Recidivism-CH.pdf.

Moreover, while there is evidence that criminals become less likely to offend as they grow older, empirical research also shows that federal offenders who, like Dimmer, have prior convictions for crimes of violence present a significantly higher risk of returning to criminal behavior. Violent offenders in Dimmer's age cohort had a recidivism rate of 60.8%, and they also were more likely to commit more serious crimes when they

reoffended. See U.S. Sentencing Comm'n, *Recidivism Among Federal Violent Offenders* at 35 and 38 (2019), available at https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2019/20190124_Recidivism_Violence.pdf.

In light of this background, the court would need to see an incredibly restrictive release proposal to even entertain the possibility that Dimmer could be released safely. He has failed to provide one: his motion simply states that he would like to "reside in Puyallup, Washington, with his brother and sister-in-law", and where an unspecified "employment opportunity awaits". This vague and nebulous proposal is woefully insufficient to ensure that the public will not be unreasonably endangered by Dimmer's early release.

### 3. The government's requests if the motion is granted

Should the court grant release, the government requests that it accommodate the need to quarantine Dimmer for a period of at least 14 days in order to protect public health, by retaining jurisdiction over the motion for 14 days so that BOP can place the inmate in quarantine. If Dimmer has not displayed symptoms or tested positive for COVID-19 for a period of 14 days, then the ordered release can take effect. If the defendant tests positive during the initial 14-day period, the government will notify the Court and seek an extension of the release date until the defendant has displayed no symptoms for a period of 14 days or tested negative.

## CONCLUSION

Dimmer has not demonstrated that he has the sort of serious medical condition that would warrant compassionate release, and his COVID-19 diagnosis renders his request

U.S. v. Dimmer
3:12-cr-00035-TMB                                   Page 6 of 7
         Case 3:12-cr-00035-TMB   Document 280   Filed 01/29/21   Page 6 of 7

inappropriate. Moreover, Dimmer has failed to provide a plan that would show his release could be accomplished without endangering the public.

      RESPECTFULLY SUBMITTED January 29, 2021 at Anchorage, Alaska.

                              BRYAN SCHRODER
                              United States Attorney

                              <u>/s James Klugman</u>
                              JAMES KLUGMAN
                              Assistant United States Attorney
                              United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on January 29, 2021
a true and correct copy of the foregoing
was served electronically on:

Patricia Wong

<u>/s James Klugman</u>
Office of the U.S. Attorney

U.S. v. Dimmer
3:12-cr-00035-TMB                 Page 7 of 7
Case 3:12-cr-00035-TMB   Document 280   Filed 01/29/21   Page 7 of 7